BALL *v.* BALL.

## Ann L. Ball v. Darius M. Ball.

*Appeal, when dismissed: Duty of appellant as to filing return.* When a party is in default in filing the return to an appeal, and instead of complying with the rule when his attention is called to his default, resists a motion to dismiss, on technical grounds, the court will not aid him—it being a matter of indulgence on their part, and to be exercised only when the defaulting party complies with the rule, after notice.

*Heard and Decided May 5.*

Appeal in Chancery, from Jackson Circuit.

Motion to dismiss.

Complainant obtained a divorce in the court below, and defendant, in October last, took an appeal. The return should have been filed before the last January term, but it was not so filed. A motion was then made to dismiss, but was not granted. The motion was renewed at the present term, but failed because the notice of the motion was one day too short. A new notice was then given, and when the motion was called up on Tuesday the defendant, for the first time, produced the return. His excuse for not filing it before was that he was using the record for the purpose of having it printed for use on the argument, but he did not show when he commenced using it for that purpose, nor how much of it had been printed, nor whether any of it had been. He insisted, however, that under the prior decisions of the court, an appeal will not be dismissed, because the return was not made in time, if it is actually made before the motion to dismiss is argued.

*J. C. Wood,* for the motion.

*W. K. Gibson,* contra.

*Per Curiam:* Where the court declines to dismiss an appeal where a party has been in default, it is a matter of indulgence, and it is only done because the party, when his attention is called to the matter by the motion

to dismiss, has at once filed the return. In this case, the party, instead of filing the return as soon as his attention was called to it, has taken advantage of such technical objections as were open to him to avoid a dismissal, without complying with the practice, and he is therefore not entitled to indulgence. The excuse made is vague and unsatisfactory, and cannot be accepted as sufficient. The motion to dismiss must be granted, with costs.